**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Nebraska
_____(State)_____

Case number *(if known)*: _____    Chapter    11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | Gordmans Stores, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | None |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 26-3171987 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1926 South 67th Street | |
| Number       Street | Number       Street |
| | P.O. Box |
| Omaha, Nebraska 68106 | |
| City                State    Zip Code | City                State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| Douglas County | |
| County | Number       Street |
| | City                State    Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | http://www.gordmans.com |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor    **Gordmans Stores, Inc.**

Name

Case number *(if known)* _____

---

**7.   Describe debtor's business**

A.  *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**4521 (Department Stores)**

---

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.    District _____ When _____ Case number _____

                            MM/DD/YYYY

                District _____ When _____ Case number _____

                            MM/DD/YYYY

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No

☒ Yes.    Debtor **See Rider 1**    Relationship **Affiliate**

            District **District of Nebraska**

                                  When **03/12/2017**

             Case number, if known _____    MM / DD / YYYY

---

Debtor    **Gordmans Stores, Inc.**
_____
Name

Case number *(if known)* _____

---

| **11. Why is the case filed in** *this* **district?** | *Check all that apply:* |
|---|---|
| | ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____

_____        _____    _____
City                                      State        Zip Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency  _____

Contact name  _____

Phone  _____

---

| **Statistical and administrative information** |
|---|

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

---

| Debtor | **Gordmans Stores, Inc.** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| (on a consolidated basis) | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___03/12/2017___
MM/ DD / YYYY

X _Andrea T Hall (signature)_                    Andrew T. Hall
Signature of authorized representative of debtor        Printed name

Title    **President, CEO, and Secretary**

| 18. Signature of attorney | X _/s/ Jeffrey T. Wegner_ | Date ___03/12/2017___ |
|---|---|---|
| | Signature of attorney for debtor | MM/ DD/YYYY |

**Jeffrey T. Wegner**
Printed name

**Kutak Rock LLP**
Firm name

**1650 Farnam Street**
Number                    Street

**Omaha**                              **Nebraska**    **68102**
City                                   State        ZIP Code

**(402) 346-6000**                     **Jeffrey.Wegner@KutakRock.com**
Contact phone                          Email address

**18265**                              **Nebraska**
Bar number                             State

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-34842.

2. The following financial data is the latest available information and refers to the debtor's condition on as of the Petition Date.

a. Total assets                                                                    $274 million

b. Total debts (including debts listed in 2.c., below)     $131 million

c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | | |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | _____ | _____ |

d. Number of shares of preferred stock            None Outstanding
e. Number of shares common stock                   ~19.5 million

Comments, if any:  Total assets reflective of most recent 10-K filing from October 29, 2016.

3. Brief description of debtor's business:  Gordmans Stores, Inc., together with its debtor affiliates, is a retail company engaged in the sale of apparel, home goods, and other merchandise at over 100 stores in 22 states throughout the United States and through e-commerce operations.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
Sun Gordmans LP - 49.66%, Brown Brothers Harriman & Co. - 12.88%, TD Ameritrade Clearing, Inc. - 6.6%, National Financial Services - 5.58%

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the:<br><br>District of Nebraska<br>(State) |
| Case number *(if known)*: _____    Chapter    11 |

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Nebraska for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Gordmans Stores, Inc.

- **Gordmans Stores, Inc.**

- **Gordmans, Inc.**

- **Gordmans Management Company, Inc.**

- **Gordmans Distribution Company, Inc.**

- **Gordmans Intermediate Holding Corp.**

- **Gordmans LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GORDMANS STORES, INC., | ) | Case No. 17-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Gordmans Stores, Inc. | Sun Gordmans LP | 5200 Town Center Circle Suite 600 Boca Raton, Florida 33486 | 49.66% |
| | Brown Brothers Harriman & Co. | 525 Washington Boulevard Jersey City, New Jersey 07310 | 12.88% |
| | TD Ameritrade Clearing, Inc. | 1005 Ameritrade Place Bellevue, Nebraska 68005 | 6.60% |
| | National Financial Services | 499 Washington Boulevard Jersey City, New Jersey 07310 | 5.58% |

---

[1] This list reflects holders of five percent or more of Gordmans Stores, Inc.'s common stock. It is based solely on information obtained from the Depository Trust Company and may reflect holdings by nominees. This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. By separate motion filed contemporaneously herewith, the debtor is requesting a waiver of the requirement under rule 1007 to file a list of all of its equity security holders.

Fill in this information to identify the case and this filing:

Debtor Name:        Gordmans Stores, Inc.

United States Bankruptcy Court for the:        District of Nebraska

(State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration_____ List of Equity Security Holders _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

03/12/2017
MM/ DD/YYYY

☒ _Andrew T Hall_
Signature of individual signing on behalf of debtor

Andrew T. Hall
Printed name

President, CEO, and Secretary
Position or relationship to debtor

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GORDMANS STORES, INC., | ) Case No. 17-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Sun Gordmans LP | 49.66% |
| Brown Brothers Harriman & Co. | 12.88% |

Fill in this information to identify the case and this filing:

Debtor Name: Gordmans Stores, Inc.

United States Bankruptcy Court for the:   District of Nebraska
(State)

Case number (if known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule

☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration_____ Corporate Ownership Statement _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

_03/12/2017_          ☒ _Andrew T Hall_
MM/ DD/YYYY              Signature of individual signing on behalf of debtor

                        Andrew T. Hall
                        Printed name

                        President, CEO, and Secretary
                        Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

<table>
<tr><td colspan="2">Fill in this information to Identify the case:</td></tr>
</table>

Fill in this information to Identify the case:

Debtor Name:    Gordmans Stores, Inc.

United States Bankruptcy Court for the:    District of Nebraska

Case Number (If known):

☐ Check if this is an
amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | KELLY, SCOTT & MADISON 23983 NETWORK PLACE CHICAGO, IL  60673 | CONTACT: SY CHABA PHONE: 312-977-0772 FAX: 312-977-0874 SCHABA@KSMMEDIA.COM | TRADE VENDOR | | | | $2,590,682.57 |
| 2 | IRC RETAIL CENTERS MANAGEMENT INC C/O INP REIT II LLC 814 COMERCE DRIVE, STE 300 OAKBROOK, IL  60523 | CONTACT: PRESIDENT PHONE: 877-206-5656 | LANDLORD | | | | $1,161,274.10 |
| 3 | WAITT AKSARBEN 8, LLC C/O NODDLE COMPANIES 2285 S. 67TH STREET, SUITE 250 OMAHA, NE  68106 | CONTACT: REAL ESTATE LEGAL PHONE: 402-496-1616 | LANDLORD | | | | $1,106,985.67 |
| 4 | CABOT INDUSTRIAL VALUE FUND IV LP 32804 COLLECTION CENTER DRIVE CHICAGO, IL  60693-0328 | CONTACT: FRAN ELDRIDGE PHONE: 513-588-1120 FELDRIDGE@SVN.COM | LANDLORD | | | | $1,075,442.51 |
| 5 | NATIONAL RETAIL PROPERTIES LP 450 S. ORAGNE AVENUE, SUITE 900 ORLANDO, FL  32801 | CONTACT: VICE PRESIDENT ASSET PHONE: 407-650-3687 | LANDLORD | | | | $994,051.38 |
| 6 | KBS 1575 HENTHORNE MAUMEE, OH  43537 | CONTACT: MAZEN RIHANI PHONE: 419-867-4300 FAX: 419-867-4295 MRIHANI@KBS-SERVICES.COM | TRADE VENDOR | | | | $767,121.23 |
| 7 | PEBB CLEVELAND, LLC 7900 GLADES ROAD, SUITE 600 BOCA RATON, FL  33434 | CONTACT: JILL HOFSTETTER PHONE: 561-353-5292 JHOFSTETTER@PEBBENT.COM | LANDLORD | | | | $707,167.70 |

Debtor: Gordmans Stores, Inc.

Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | DDR SOUTHEAST EVANSVILLE EAST LLOYD, LLC<br>3300 ENTERPRISE PRKWY<br>BEACHWOOD, OH  44122 | CONTACT: MARY HODGES<br>PHONE: 216-755-5718<br>MHODGES@DDR.COM | LANDLORD | | | | $637,545.08 |
| 9 | CH SHOPPES LLC<br>C/O M&J WILKOW PROPERTIES<br>20 SOUTH CLARK STREET, SUITE 3000<br>CHICAGO, IL  60603 | CONTACT: DANIELLE HEEBINK<br>PHONE: 312-640-2000<br>DANIELLE@DMAPROPERTYLLC.COM | LANDLORD | | | | $602,611.24 |
| 10 | MB SIOUX CITY LAKEPORT LLC<br>DEPT 44616<br>33012 COLLECTION CENTER DR<br>CHICAGO, IL  60693--033 | CONTACT: RONDA ZIELINSKI<br>PHONE: 630-570-0845<br>RONDA.ZIELINSKI@INVENTRUSTPM.COM | LANDLORD | | | | $590,195.06 |
| 11 | SHADOW LAKE TOWNE CENTER LLC<br>C/O SHADOW LAKE TOWNE CENTER<br>ONE EAST WASHINTON ST, STE 300<br>PHOENIX, AZ  85004-2513 | CONTACT: HEATHER BEEM<br>PHONE: 913-214-4617<br>HBEEM@REDDEVELOPMENT.COM | LANDLORD | | | | $571,338.95 |
| 12 | REFLEX<br>1100 S. SAN PEDRO ST<br>LOS ANGELES, CA  90015 | CONTACT: RICHARD SONG<br>PHONE: 213-746-1185<br>FAX: 213-746-1196<br>REFLEXJEANS@YAHOO.COM | TRADE VENDOR | | | | $562,862.50 |
| 13 | MARKET PLACE ON 1ST<br>C/O JOANNE MAUCK, LLC<br>500 1ST AVE, NE<br>CEDAR RAPIDS, IA  52401 | CONTACT: JOANNE MAUCK<br>PHONE: 319-350-3436<br>JOANNE@JMLLCIA.COM | LANDLORD | | | | $559,175.19 |
| 14 | ARCP MT SPRINGFIELD IL LLC<br>2325 EAST CAMELBACK ROAD,<br>STE 1100<br>PHOENIX, AZ  85016 | CONTACT: NATALIE CICO<br>PHONE: 602-778-6000 | LANDLORD | | | | $494,824.82 |
| 15 | SOUTHAVEN TOWNE CENTER II LLC<br>2021 NORTH HIGHLAND AVENUE<br>JACKSON, TN  38305 | CONTACT: TRACY SUDZUM<br>PHONE: 731-668-7621 | LANDLORD | | | | $492,478.69 |
| 16 | WASHINGTON INVENTORY SERVICE<br>750 CANYON DRIVE STE 250<br>COPPELL, TX  75019 | CONTACT: THOMAS MCKENNA<br>PHONE: 858-565-8111<br>FAX: 858-492-1801<br>TNCKENNA@WISINTL.COM | TRADE VENDOR | | | | $481,534.97 |
| 17 | BRIXMOR GA WESTMINSTER LLC<br>C/O BRIXMOR PROPERTY GROUP<br>450 LEXINGTON AVENUE<br>13TH FLOOR<br>NEW YORK, NY  10170 | CONTACT: SHELLEY KIMBALL<br>PHONE: 303-427-0780<br>SHELLEY.KIMBALL@BRIXMOR.COM | LANDLORD | | | | $469,781.41 |
| 18 | RB SCHERERVILLE CROSSINGS, LLC<br>7742 SOLUTION CENTER<br>CHICAGO, IL  60677-7007 | CONTACT: MARISOL TORRES<br>PHONE: 630-645-2814<br>MARISONTORRES@REGENCYCENTERS.COM | LANDLORD | | | | $462,068.39 |

Debtor: Gordmans Stores, Inc.                                    Case Number  (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19  THREAD COLLECTIVE INC 850 MCCAFFREY ST LAURENT, QUEBEC  H4T 1N1 CANADA | CONTACT: SAMIRA MOUGHEN PHONE: 514-345-1777 FAX: 514-345-1711 SAMIRA.MOUGHEN@THREADC.COM | TRADE VENDOR | | | | $460,071.20 |
| 20  MIDLAND EMPIRE RETAIL LLC C/O MD MANAGEMENT 5201 JOHNSON DRIVE, STE 411 MISSION, KS  66205 | CONTACT: AMY SPRY PHONE: 913-831-2996 X245 AMY@MDMGT.COM | LANDLORD | | | | $458,065.02 |
| 21  THORNTON TOWNE CENTER 05 A, LLC C/O ACF PROPERTY MGMT, INC. 12411 VENTURA BLVD STUDIO CITY, CA  91604 | CONTACT: DEBRA CHRISTENSEN PHONE: 818-505-6777 DCCHRISTENSEN@ACFPM.COM | LANDLORD | | | | $454,515.73 |
| 22  SPIRIT GO PEORIA IL, LLC 16767 N PERIMETER DRIV STE 210 SCOTTSDALE, AZ 85260 | CONTACT: KIM PITT PHONE: 480-315-6630 KPITT@SPIRITREALTY.COM | TRADE VENDOR | | | | $453,622.69 |
| 23  MERIDIAN MALL CBL 0379 2030 HAMILTON PLACE BLVD CHATTANOOGA, TN  37421 | CONTACT: CEO/PRESIDENT PHONE: 4023-855-0001 | LANDLORD | | | | $452,670.92 |
| 24  GRAVOIS BLUFFS III, LLC C/O GJ GREWE, INC 9109 WATSON ROAD, 3RD FLOOR ST LOUIS, MO  63126 | CONTACT: RICH REICHE PHONE: 314-962-6300 RICHR@GJGREWE.COM | LANDLORD | | | | $446,540.15 |
| 25  ARC QSOKCOK001, LLC 405 PARK AVENUE, 14TH FLOOR NEW YORK, NY  10022 | CONTACT: MISTY SAMPLE PHONE: 214-750-1517 X226 MSAMPLE@LPC.COM | LANDLORD | | | | $441,642.60 |
| 26  RIVERWALK CENTRE I 4711 WEST GOLF ROAD, STE 1000 SKOKIE, IL  60076 | CONTACT: ASSET MANAGEMENT PHONE: 847-674-8020 | LANDLORD | | | | $440,643.41 |
| 27  LOCKARD DEVELOPMENT, INC 4501 PRAIRIE PARKWAY CEDAR FALLS, IA  50613 | CONTACT: JOHN FLINT PHONE: 319-277-8000 JFLINT@LOCKARDONLINE.COM | LANDLORD | | | | $440,539.01 |
| 28  BURNSVILLE CENTER SPE, LLC 2030 HAMILTON PLACE BLVD CHATTANOOGA, TN  37421 | CONTACT: DICK CLARK PHONE: 952-435-8182 DICK_CLARK@CBLPROPERTIES.COM | LANDLORD | | | | $437,065.76 |
| 29  EXCEL TRUST LP C/O EXCEL FT UNION LLC 17140 BERNARDO CENTER DR STE 300 SAN DIEGO, CA  92128 | CONTACT: TED ANDERSON PHONE: 801-294-2400 TA@EXCELTRUST.COM | LANDLORD | | | | $435,287.93 |
| 30  NEW HAVEN WG, LLC 2285 S 67TH STREET, SUITE 250 OMAHA, NE  68106 | CONTACT: MARK RINGSDORF PHONE: 402-496-1616 MARK@NODDLECOMPANIES.COM | LANDLORD | | | | $433,539.12 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Gordmans Stores, Inc., *et al.*, |
| United States Bankruptcy Court for the: | District of Nebraska |
| | (State) |
| Case number (if known): 17-___ | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   *Amended Schedule*

☒   *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐   *Other document that requires a declaration_____*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| __03/12/2017__ | ☒ /s/   *Andrew T. Hall* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Andrew T. Hall** |
| | Printed name |
| | **President, CEO, and Secretary** |
| | Position or relationship to debtor |

**GORDMANS STORES, INC.**
**CONSENT IN LIEU OF A SPECIAL MEETING**
**OF THE BOARD OF DIRECTORS**

March 12, 2017

The undersigned, being all of the members of the board of directors of Gordmans Stores, Inc., a

Delaware corporation (the "Corporation"), in lieu of holding a special meeting of the board of directors of

the Corporation (the "Board"), hereby take the following actions and adopt the following resolutions by

written consent pursuant to the by-laws of the Corporation (the "By-laws") and Section 141(f) of the

General Corporation Law of the State of Delaware:

**CHAPTER 11 FILING**

> **WHEREAS**, the Board of the Corporation considered presentations by the management and the financial and legal advisors of the Corporation regarding the liabilities and liquidity situation of the Corporation, the strategic alternatives available to it, and the effect of the foregoing on the Corporation's business; and

> **WHEREAS**, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Corporation and fully considered each of the strategic alternatives available to the Corporation.

> **NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest, that the Corporation shall be, and hereby is, authorized to file or cause to be filed the voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Corporation's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court").

> **RESOLVED FURTHER**, that any duly appointed officer of the Corporation (each an "Authorized Officer" and collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Corporation all petitions, schedules, lists, and other motions, objections, replies, applications, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Corporation's businesses or to assist the Corporation in the Chapter 11 Cases and in carrying out its duties under the provisions of the Bankruptcy Code.

> **RESOLVED FURTHER**, that each Authorized Officer and any employees, agents, attorneys, investment bankers, accountants, advisors, and other professionals designated by or directed by any such Authorized Officer, be, and each hereby is, authorized, empowered and directed to execute and file, or cause to be executed or filed,

all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such case;

## RETENTION OF PROFESSIONALS

**RESOLVED FURTHER,** that each Authorized Officer be, and hereby is, authorized and directed to employ Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Corporation's rights and obligations, including filing any pleadings and, in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP;

**RESOLVED FURTHER,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Kutak Rock LLP, as local bankruptcy counsel, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kutak Rock;

**RESOLVED FURTHER,** that each Authorized Officer be, and hereby is, authorized and directed to employ Duff & Phelps as financial advisor to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations and, in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Duff & Phelps;

**RESOLVED FURTHER,** that each Authorized Officer be, and hereby is, authorized and directed to employ Epiq Bankruptcy Solutions, LLC as notice, claims, and balloting agent to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of Epiq Bankruptcy Solutions, LLC;

**RESOLVED FURTHER,** that each Authorized Officer  is authorized and directed to employ any other attorneys, investment bankers, accountants, restructuring professionals, experts, advisors, and other professionals to assist the Corporation in carrying out its duties under the Bankruptcy Code and, in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed

an appropriate application for authority to retain the services of any other attorneys, investment bankers, accountants, restructuring professionals, experts, advisors, and other professionals as necessary, appropriate or desirable.

## STALKING HORSE AGREEMENT

**WHEREAS**, Great American Group, LLC and Tiger Capital Group, LLC (together, the "Proposed Liquidators") have provided the Corporation with an indication of interest with respect to serving as exclusive agent for the purpose of selling all of the inventory and merchandise from the Corporation's retail store locations by means of a "store closing", "sale on everything", "going out of business", "everything must go", or similar sale, as well as the disposal of other assets located in the Corporation's stores, distribution centers and headquarters (the "Sale Transaction").

**NOW, THEREFORE, BE IT RESOLVED**, that in connection with the Chapter 11 Cases, (a) the Board authorizes and approves (i) the execution, delivery and performance of the Agency Agreement by and among the Proposed Liquidators and the Corporation (the "Stalking Horse Agency Agreement") substantially on the terms of the Stalking Horse Agency Agreement that has been provided to the Board and with such changes thereto as each Authorized Officer executing the same shall approve, and any other agreements, notes, consents, certificates, amendments, assignments and instruments in connection therewith (collectively, the "Sale Documents") and (ii) any transactions effected or to be effected pursuant to the terms and provisions of the Sale Documents, and (b) each of the Authorized Officers be, and hereby is, authorized and empowered, in the name and on behalf of the Corporation, to negotiate, execute, deliver, and perform or cause the performance of the Sale Documents, as such Authorized Officer executing the same considers necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the Sale Documents and such other financing arrangements as such Authorized Officer executing the same considers necessary, appropriate, proper, or desirable in the interest of the Company in connection with the Chapter 11 Cases, such determination to be conclusively evidenced by such execution or taking of such action;

## GENERAL

**RESOLVED FURTHER**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Corporation, or hereby waives any right to have received such notice;

**RESOLVED FURTHER**, that, consistent with the foregoing resolutions, each Authorized Officer is hereby authorized, directed, and empowered, in such Authorized Officer's discretion, on behalf of and in the name of the Corporation, as applicable, to (a) prepare, execute, and deliver or cause to be prepared, executed, and delivered, and where necessary, appropriate or desirable, file, or cause to be filed with the appropriate governmental authorities, all other agreements, instruments, and documents, including all certificates, contracts, bonds, receipts, or other papers, (b) incur and pay or cause to be paid all fees, expenses, and taxes, including legal fees and expenses, (c) engage such persons as such Authorized Officer shall in his judgment determine to be necessary, appropriate, or desirable, and (d) do any and all other acts and things as such Authorized Officer deems necessary, appropriate, or desirable to carry out fully the intent and accomplish the purposes of the foregoing resolutions and each of the transactions

contemplated thereby (and the doing of any such act or thing shall be conclusive evidence that the same is deemed necessary, appropriate, or desirable);

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by the Board; and

**RESOLVED FURTHER**, that each Authorized Officer is authorized and empowered to take all actions or to not take any action in the name of the Corporation with respect to the transactions contemplated by these resolutions hereunder as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the foregoing resolutions.

## MISCELLANEOUS

**RESOLVED**, that this consent may be executed in any number of counterparts, each of which shall be deemed to be an original, and such counterparts shall constitute but one and the same consent.

**FURTHER RESOLVED**, that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

**FURTHER RESOLVED**, that the actions taken by this written consent shall have the same force and effect as if taken at a special meeting of the Board duly called and constituted pursuant to the By-laws and the laws of the State of Delaware.

\*     \*     \*     \*     \*

IN WITNESS WHEREOF, the undersigned have executed this consent of the Board as of the date first written above.

T. Scott King

_____

Casey C. Lanza

_____

Donald V. Roach

_____

Matthew N. Garff

_____

Kenneth I. Tuchman

_____

Stewart M. Kasen

_____

James A. Shea

_____

have the same force and effect as if taken at a special meeting of the Board duly called
and constituted pursuant to the By-laws and the laws of the State of Delaware.

\*      \*      \*      \*      \*

IN WITNESS WHEREOF, the undersigned have executed
this consent of the Board as of the date first written
above.

_____
T. Scott King

_____
Casey C. Lanza

_____
Donald V. Roach

_____
Matthew N. Garff

_____
Kenneth I. Tuchman

_____
Stewart M. Kasen

_____
James A. Shea

IN WITNESS WHEREOF, the undersigned have executed this consent of the Board as of the date first written above.

_____
T. Scott King

_____
Casey C. Lanza

_____
Donald V. Roach

_____
Matthew N. Garff

_____
Kenneth I. Tuchman

_____
Stewart M. Kasen

_____
James A. Shea

_____
Andrew T. Hall

IN WITNESS WHEREOF, the undersigned have executed this consent of the Board as of the date first written above.

_____
T. Scott King


_____
Casey C. Lanza


_____
Donald V. Roach

*M Garff*
_____
Matthew N. Garff


_____
Kenneth I. Tuchman


_____
Stewart M. Kasen


_____
James A. Shea


_____
Andrew T. Hall

\*      \*      \*      \*      \*

IN WITNESS WHEREOF, the undersigned have executed this consent of the Board as of the date first written above.

_____

T. Scott King


_____

Casey C. Lanza


_____

Donald V. Roach


_____

Matthew N. Garff

_____

Kenneth I. Tuchman


_____

Stewart M. Kasen


_____

James A. Shea


_____

IN WITNESS WHEREOF, the undersigned have executed this consent of the Board as of the date first written above.

_____
T. Scott King

_____
Casey C. Lanza

_____
Donald V. Roach

_____
Matthew N. Garff

_____
Kenneth I. Tuchman

_____
Stewart M. Kasen

_____
James A. Shea

_____
Andrew T. Hall

*Signature Page to Gordmans Stores, Inc. Board Consent*

*email to breed@kirtland.com*

IN WITNESS WHEREOF, the undersigned have executed this consent of the Board as of the date first written above.

_____
T. Scott King

_____
Casey C. Lanza

_____
Donald V. Roach

_____
Matthew N. Garff

_____
Kenneth I. Tuchman

_____
Stewart M. Kasen

_____    3-12-17
James A. Shea

_____
Andrew T. Hall

*Signature Page for Consent in lieu of a Special Meeting of the Board of Directors, March 12, 2017*

IN WITNESS WHEREOF, the undersigned have executed this consent of the Board as of
the date first written above.

_____
T. Scott King

_____
Casey C. Lanza

_____
Donald V. Roach

_____
Matthew N. Garff

_____
Kenneth I. Tuchman

_____
Stewart M. Kasen

_____
James A. Shea

_____
Andrew T. Hall

*Signature Page to Gordmans Stores, Inc. Board Consent*