# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | ) Chapter 11 |
| GORDMANS STORES, INC., | ) Case No. 17-80304 (___) |
| Debtor. | ) |
| In re: | ) Chapter 11 |
| GORDMANS, INC., | ) |
| | ) Case No. 17-80305 (___) |
| Debtor. | ) |
| In re: | ) Chapter 11 |
| GORDMANS MANAGEMENT COMPANY, INC., | ) Case No. 17-80306 (___) |
| Debtor. | ) |
| In re: | ) Chapter 11 |
| GORDMANS DISTRIBUTION COMPANY, INC., | ) Case No. 17-80307 (___) |
| Debtor. | ) |
| In re: | ) Chapter 11 |
| GORDMANS INTERMEDIATE HOLDINGS, CORP. | ) Case No. 17-80308 (___) |
| Debtor. | ) |

|                        |   |
|------------------------|---|
| In re:                 | ) |
|                        | ) |
| GORDMANS LLC,          | ) Case No. 17-80309 (___) |
|                        | ) |
|    Debtor. | ) |
|                        | ) |

**DEBTORS' MOTION FOR (I) JOINT
ADMINISTRATION OF CHAPTER 11 CASES AND (II) RELATED RELIEF**

Gordmans Stores, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully state the following in support of this motion[1]:

**Relief Requested**

1. By this motion, the Debtors respectfully seek: (a) approval of procedural consolidation and joint administration of these chapter 11 cases; and (b) related relief, as the Court finds appropriate. Specifically, the Debtors request that the United States Bankruptcy Court for the District of Nebraska maintain one file and one docket for all of the jointly administered cases under the lead case of Gordmans Stores, Inc., and that the cases be administered under a consolidated caption as follows:

---

[1] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of James B. Brown in Support of First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

2

KE 45817128

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GORDMANS STORES, INC., *et al.*,[1] | ) | Case No. 17-80304 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases, other than the case of Gordmans Stores, Inc.:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Gordmans Stores, Inc.; Gordmans, Inc.; Gordmans Management Company, Inc.; Gordmans Distribution Company, Inc.; Gordmans Intermediate Holdings Corp; and Gordmans LLC. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 17-[____] (__).

4. The Debtors seek authority to file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee for the District of Nebraska (the "U.S. Trustee"), by consolidating the information required for each Debtor in one report that

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, include: Gordmans Stores, Inc. (1987); Gordmans, Inc. (1211); Gordmans Management Company, Inc. (5281); Gordmans Distribution Company, Inc. (5421); Gordmans Intermediate Holdings Corp. (9938); and Gordmans LLC (1987). The location of the debtors' service address is: 1926 South 67th Street, Omaha, Nebraska 68106.

3

tracks and breaks out all of the specific information (e.g., receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

5.  Additionally, the Debtors respectfully request leave to submit a proposed order for the Court's consideration to grant the relief requested herein.

### Jurisdiction and Venue

6.  The United States Bankruptcy Court for the District of Nebraska has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.  The bases for the relief requested herein are Section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Rule 9013-1 of the Nebraska Rules of Bankruptcy Procedure (the "Local Rules").

### Background

9.  Gordmans Stores, Inc., together with its Debtor affiliates, is a retail company engaged in the sale of apparel, home goods, and other merchandise at over 100 stores in 22 states throughout the United States and through e-commerce operations. The Debtors are headquartered in Omaha, Nebraska.

10. As of the date hereof (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committees have been appointed or designated.

## Basis for Relief

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

12. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

13. Joint administration is generally non-controversial, and courts in this and other jurisdictions routinely order joint administration in cases with multiple, related debtors. *See, e.g.*, *In re Brodkey Bros.*, No. 13-80203 (TLS) (Bankr. D. Neb. Feb. 5, 2013) (granting joint administration); *In re Premium Protein Prods., LLC*, No. 09-43291 (TLS) (Bankr. D. Neb. Nov. 27, 2009) (same); *see also In re Peabody Energy Corp.*, No. 16-42529 (BSS) (Bankr. E.D. Mo. Apr. 14, 2016) (same); *In re Arch Coal,* No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 13, 2016) (same); *In re BCBG Max Azria Global Holdings, LLC*, No. 17-10466 (SCC) Bankr. S.D.N.Y. Mar. 2, 2017) (same).[3]

14. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

5

substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity. The entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties-in-interest to monitor these chapter 11 cases with greater ease and efficiency.

15.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties-in-interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties-in-interest.

## Notice

16.     The Debtors will provide notice of this motion to the following parties or their respective counsel, if known: (a) the Office of the United States Trustee for the District of Nebraska; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the state attorneys general for states in which the Debtors conduct business; (d) the Nebraska Department of Revenue; (e) the Office of the United States Attorney for the District of Nebraska; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) counsel to Wells Fargo Bank, N.A.; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

17.     No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

KE 45817128

WHEREFORE, the Debtors respectfully request: (1) that the Court enter an order approving the relief sought herein; and (2) leave to submit a proposed order for the Court's consideration granting such relief.

Omaha, Nebraska
Dated: March 12, 2017

*/s/ Lisa M. Peters*
Lisa M. Peters (Nebraska Bar No. 24546)
Jeffrey T. Wegner (Nebraska Bar No. 18265)
**KUTAK ROCK LLP**
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102
Telephone:    (402) 346-6000
Facsimile:    (402) 346-1148

-and-

Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
Brad Weiland (*pro hac vice* pending)
Jamie R. Netznik (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

KE 45817128